UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>RENEWABLE ENERGY CENTER, LLC,<br><br>    Defendant. | Case No.17-cv-00497-HRL<br><br>**ORDER DEEMING SECOND AMENDED COMPLAINT PROPERLY FILED**<br><br>Re: Dkt. No. 17 |

On January 31, 2017, pro se plaintiff Terrace Ellis ("Ellis") filed a complaint naming "National Renewable Energy Center" as the Defendant. Dkt. No. 1. On May 18, 2017, Ellis filed a First Amended Complaint ("FAC") that changed the name of the Defendant to "Renewable Energy Center, LLC, dba National Renewable Energy Center." Dkt. No. 11. In the FAC, Ellis alleges that Linda Lucero ("Lucero"), an attorney for Defendant, had informed her that there had been a flaw in the summons involving her client's name (the summons had named "National Center for Renewable Energy" rather than "National Renewable Energy Center"). *Id.*, ¶ 9. Lucero allegedly called Ellis again some weeks later and informed her "that the summons and complaint should be modified to reflect her client (Renewable Energy Center) vs. NREC or NCRE." *Id.*, ¶ 15. Ellis further alleges that "National Renewable Energy Center" is a "fictitious business name" for a corporation called "Energy Enterprises USA, Inc.," *id.*, ¶ 18. Ellis filed a Second Amended Complaint ("SAC") on June 5, 2017, adding "Energy Enterprise USA, Inc., dba National Renewable Energy Center" as a Defendant. Dkt. No. 17.

A party may amend its pleadings once as a matter of course; in all other cases, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely granted when justice so requires. Rule 21 permits a court to add or drop a party

"[o]n motion or on its own" and "on just terms." Further, the court may deem an improperly filed amended pleading to be properly introduced "'when the court would have granted leave to amend had it been sought.'" *Brockmeier v. Solana Cnty. Sheriff's Dept.*, No. CIV S-05-2090 MCE EFB PS, 2007 WL 1521074 (E.D. Cal. May 22, 2007) (quoting *Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995)). Courts typically review four factors when evaluating motions for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Considering the account of Ellis's efforts and her communications with Lucero contained in the first and second amended complaints, the court determines that bad faith, undue delay, and prejudice are not concerns here. Additionally, the court is not aware at this time of any considerations suggesting that amendment is futile.

For these reasons, the court construes the SAC as a motion for leave to amend, which it hereby grants, and deems the SAC properly introduced. Plaintiff may serve the SAC in accordance with the Federal Rules of Civil Procedure. Plaintiff is advised that leave of the court is required for any further amendments of the complaint.

**IT IS SO ORDERED.**

Dated: 6/6/2017

HOWARD R. LLOYD
United States Magistrate Judge