UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RENEWABLE ENERGY CENTER, LLC, et al.,<br><br>　　　　Defendants. | Case No.17-cv-00497-HRL<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 25, 26 |

Pro se plaintiff Terrace Ellis ("Ellis") sues defendants Renewable Energy Center, LLC, d/b/a National Renewable Energy Center and Energy Enterprise USA, Inc., d/b/a National Renewable Energy Center ("Energy Enterprise USA") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Ellis requested, and the clerk entered, default as to Energy Enterprise USA. Dkt. Nos. 23, 25. Now, Ellis moves the Court for an entry of default judgment as to Energy Enterprise USA.

The Court determined that the matter was fit for determination without oral argument. Civil L.R. 7-2(b). The Court hereby sets aside the entry of default as to Energy Enterprise USA. Fed. R. Civ. P. 55(c). There being no valid entry of default, the Court terminates the motion for default judgment as moot.

**I.　BACKGROUND**

Ellis filed her initial complaint in January 2017, naming "National Renewable Energy Center" ("NREC") as the defendant. In the months that followed, Ellis encountered a "confusing array of information" about a group of business entities that all seemed to operate under the NREC name. *See* Dkt. No. 17 ¶ 18. Ultimately, in June, Ellis filed a second amended complaint (SAC) naming two defendants, one of which was Energy Enterprise USA. Dkt. No. 17. Ellis alleged that

1  Energy Enterprise USA is a California corporation, and that its president is Ofir Attal. Dkt. No.
2  17 ¶ 7. Ellis further alleged that Energy Enterprise USA's principal place of business is at 5632
3  Van Nuys Blvd., Suite 36, Van Nuys, California.

According to a proof of service document filed by Ellis, she had the summons and complaint mailed to a person named "Ori Bytton," whom she identified as the president of Energy Enterprise USA.[1] Dkt. No. 22. The process server separately averred that he mailed the summons and complaint to Energy Enterprise USA, care of "Ori Byrron." *Id.* Ellis also had the summons and complaint left with Robert Landrum, the person in charge at the 5632 Van Nuys Blvd. location, which apparently is a personal mailbox rental store. *Id.* Neither the SAC, nor the proof of service document, nor the motion for default judgment provide any indication as to who Ori Bytton/Byrron is, or why that person, rather than Ofir Attal, was served in his or her capacity as president of Energy Enterprise USA.[2]

Ellis later requested, and the Clerk entered, default as to Energy Enterprise USA. Dkt. Nos. 23, 25. Ellis then moved for default judgment.. Dkt. No. 26.

## II. DISCUSSION

Before entering a default judgment, a district court must first review whether subject matter and personal jurisdiction exist. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A party must be properly served before a federal court may exercise personal jurisdiction over it. *See Jackson v. Hayakawa*, 682 F.2d 1334, 1347 (9th Cir. 1982).

Here, the Court has subject matter jurisdiction over Ellis' claim because her TCPA claim arises under federal law. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012) (TCPA private right of action arises under federal law). As to personal jurisdiction, however, the undersigned is not satisfied that Energy Enterprise USA was properly served.

The Federal Rules of Civil Procedure do not allow for service of process via mail. *See*

---

[1] The proof of service document identifies the party served as "ENERGY ENTERPRISW USA INC., dba National Renewable Energy Center."
[2] Ellis later had the summons and complaint, and the request for entry of default, mailed to an alternative address for Energy Enterprise USA at 6736 Vesper Ave., Van Nuys, California. Dkt. No. 26 at 7.

2

Fed. R. Civ. P. 4(e). However, the Federal Rules allow a defendant corporation to be served by any method authorized by the law of the state in which the district court sits. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). California Civil Procedure Code section 415.30 sets out the requirements for serving a defendant by mail. Section 416.10(b) states that a corporation can be served by delivering a copy of the summons and complaint to, among others, the corporation's president.

In the SAC, Ellis alleged that Energy Enterprise USA is a "California company." Dkt. No. 17 ¶ 7. In the default judgment motion, Ellis confusingly states that "Defendant is incorporated, and is not registered with California's Secretary of State." Dkt. No. 26 at 11. Assuming that Energy Enterprise USA is a California corporation, service would be valid if Ellis served the company's president.

Here, however, it is not clear who Energy Enterprise USA's president is, or who Ellis served with the summons and complaint. In her default judgment motion, Ellis alleges that Afir Ottal is Energy Enterprise USA's president, and that service was proper because the summons and complaint were served upon him (or her). Dkt. No. 26 at 11. These allegations might be sufficient to form the basis of a default judgment were it not for the contradictory statements in the proof of service document. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citation omitted). The discrepancies here, however, are too serious to ignore. Ellis does not account for why, according to the proof of service document, the summons and complaint were served on someone named Ori Bytton/Byrron, and she fails to explain who that person is or what his or her relationship is to Afir Ottal and Energy Enterprise USA. Further, leaving a copy of the summons and complaint with Robert Landrum, the person who worked at the mailbox rental shop, is not adequate to complete service on Energy Enterprise USA, as there is no evidence that Landrum has any direct relationship to the defendant.

### III. CONCLUSION

The Court is not satisfied that Energy Enterprise USA was properly served with the summons and complaint. Accordingly, the Court sets aside the entry of default as to Energy

3

Enterprise USA.  Fed. R. Civ. P. 55(c).  There being no valid entry of default, the Court terminates Ellis' motion for default judgment as moot.

This order is issued without prejudice to Ellis moving for default judgment in the future.  If Ellis properly serves Energy Enterprise USA pursuant to California Civil Procedure Code sections 415.30 and 416.10(b), or pursuant to any other method authorized by the Federal Rules, and the defendant defaults, Ellis may again request that the Court enter a default judgment.

**IT IS SO ORDERED.**

Dated: November 27, 2017

HOWARD R. LLOYD
United States Magistrate Judge