UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br><br>   Plaintiff,<br><br> v.<br><br>ENERGY ENTERPRISES USA, INC.,<br><br>   Defendant. | Case No. 17-CV-00497-LHK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING**<br><br>Re: Dkt. Nos. 37, 43 |

Before the Court is United States Magistrate Judge Virginia DeMarchi's Report and Recommendation that Plaintiff Terrace Ellis's ("Plaintiff") motion for default judgment be granted. ECF No. 43. Having reviewed the Report and Recommendation, Plaintiff's brief before Judge DeMarchi, the record in this case, and the relevant law, the Court finds that the Report and Recommendation is well-founded in fact and in law and, therefore, adopts the Report and Recommendation.

On January 31, 2017, Plaintiff, proceeding pro se, filed her original Complaint against Defendant Energy Enterprise USA, Inc. ("Defendant"). ECF No. 1. After Defendant failed to respond to Plaintiff's Complaint, Plaintiff requested and the Clerk entered default against

1

Case No. 17-CV-00497-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR DEFAULT JUDGMENT

Defendant on July 27, 2017. ECF No. 25. On November 27, 2017, Judge DeMarchi set aside the entry of default and terminated as moot Plaintiff's first motion for default judgment because Judge DeMarchi was "not satisfied that [Defendant] had been properly served." ECF No. 27. On April 13, 2018, the Clerk again entered default against Plaintiff. ECF No. 35.

On July 24, 2018, Plaintiff filed a second motion for default judgment against Defendant. ECF No. 37. Plaintiff filed two sets of exhibits in support of her motion. ECF Nos. 38 & 39. On September 5, 2018, Judge DeMarchi ordered Plaintiff to prepare a supplemental declaration with exhibits, ECF No. 40, which Plaintiff filed on October 2, 2018. ECF No. 41. Defendant has not filed an opposition to Plaintiff's motion for default judgment.

On November 19, 2018, because Defendant "has never appeared and thus has not consented to magistrate judge jurisdiction," Judge DeMarchi requested that the case be reassigned to a District Judge and issued a Report and Recommendation. ECF No. 43. Judge DeMarchi's Report and Recommendation includes an extensive discussion of the case's procedural history and Plaintiff's numerous attempts to serve Defendant and related entities. *Id.* at 1–4. Then, in accordance with the Ninth Circuit's instructions in *In re Tuli*, 172 F.3d 707 (9th Cir. 1999), Judge DeMarchi first addressed the Court's subject matter jurisdiction over the case, personal jurisdiction over Defendant, and the adequacy of Plaintiff's service on the Defendant. *Id.* at 4–5. Next, Judge DeMarchi recommended granting Plaintiff's second motion for default judgment based on the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). ECF No. 43 at 5–9. Judge DeMarchi concluded that Plaintiff's request for treble damages should be denied and recommended an award of judgment against Defendant of $8,557.00. *Id.* at 9–11. Judge DeMarchi further ordered Plaintiff to personally serve Defendant and to file a proof of service with the Court. *Id.* at 11. On December 10, 2018, Plaintiff filed a proof of service, which indicated that Plaintiff had served Defendant on December 6, 2018. ECF No. 46.

Neither party has objected to the Report and Recommendation in the fourteen days since Plaintiff served Defendant. *See* 28 U.S.C. § 636(b) (providing that "[w]ithin fourteen days after

being served with a copy, any party may serve and file written objections to such proposed findings and recommendations").

The Court adopts the Report and Recommendation. First, Judge DeMarchi correctly concluded that the Court has subject matter jurisdiction over the case and personal jurisdiction over Defendant. Plaintiff asserts claims under a federal statute, specifically the Telephone Consumer Protection Act ("TCPA"), and Defendant is incorporated in California. *See* ECF No. 41, Ex. B. Judge DeMarchi also did not err in concluding that Plaintiff adequately served Defendant.

Second, Judge DeMarchi applied the Ninth Circuit's *Eitel* factors and properly concluded that all seven factors weigh in favor of granting Plaintiff's motion for default judgment. For example, Judge DeMarchi concluded that Defendant's failure to litigate the case left Plaintiff with no recourse other than default judgment. *See Eitel*, 782 F.2d at 1471 (stating that "the possibility of prejudice to the plaintiff" is the first factor in deciding whether to grant default judgment). In addition, Plaintiff's complaint states a claim under the TCPA because Plaintiff alleges in her third amended complaint that Defendant called Plaintiff's phone 16 separate times without Plaintiff's consent and using an autodialer. ECF No. 30 ¶¶ 23–27; *see Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (holding that a defendant violates the TCPA by calling a plaintiff's cellphone using an autodialing system without the plaintiff's consent). Finally, Judge DeMarchi concluded that Defendant's failure to litigate—despite having notice of Plaintiff's action for almost two years—both suggested that Defendant did not dispute the material facts and made resolving the action on its merits impossible.

Third, as Judge DeMarchi concluded, Plaintiff has not demonstrated an entitlement to treble damages. The TCPA permits treble damages if a defendant "willfully or knowingly" violates the TCPA. 47 U.S.C. § 227(b)(3), (c)(5). Here, the Court cannot determine from Plaintiff's third amended complaint whether Defendant's violations were made "willfully or knowingly," and thus the Court adopts Judge DeMarchi's discretionary recommendation to award

3

Plaintiff only statutory damages.

The Court hereby GRANTS Plaintiff's motion for default judgment.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
LUCY H. KOH
United States District Judge