UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br><br>   Plaintiff,<br><br>  v.<br><br>ENERGY ENTERPRISES USA, INC.,<br><br>   Defendant. | Case No. 17-CV-00497-LHK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 51 |

Before the Court is the motion of Defendant Energy Enterprises, USA, Inc. ("Defendant") to set aside default judgment under Federal Rule of Civil Procedure 60(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion to set aside default judgment.

**I. BACKGROUND**

On January 31, 2017, Plaintiff Terrace Ellis ("Plaintiff"), proceeding pro se, filed the instant lawsuit against National Renewable Energy Center ("NREC"). ECF No. 1. The case was originally assigned to United States Magistrate Judge Howard Lloyd. *Id.* Plaintiff alleged a single cause of action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* In brief, Plaintiff alleged that without Plaintiff's consent, NREC placed 16 telemarketing

1
Case No. 17-CV-00497-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

calls to Plaintiff's cell phone between November 25, 2014 and January 8, 2015. *Id.* ¶ 15. Of those 16 calls, 14 occurred after Plaintiff asked NREC to cease calls to Plaintiff's cell phone. *Id.* ¶ 21.

On March 9, 2017, NREC's attorney Linda Lucero called Plaintiff to inform Plaintiff that Lucero's client was in the process of closing its doors and that Lucero was helping NREC wrap things up. Ellis Decl. ¶ 13.

On May 18, 2017, Plaintiff filed a first amended complaint against Renewable Energy Center, LLC, "doing business as National Renewable Energy Center." ECF No. 11 at 1. Plaintiff alleged that "[a]ccording to the Los Angeles County Registrar-Recorder office, 'National Renewable Energy Center' is actually a fictitious name for a California corporation known as Energy Enterprises USA, Inc." *Id.* at ¶ 18.

On June 5, 2017, Plaintiff filed a second amended complaint against Defendant, doing business as National Renewable Energy Center and Canopy Energy California. ECF No. 17.

On July 27, 2017, the Clerk entered default against Defendant. ECF No. 25.

On July 25, 2017, Plaintiff filed her first motion for default judgment against Defendant. ECF No. 26. On November 27, 2017, Judge Lloyd set aside the Clerk's entry of default against Defendant and denied as moot Plaintiff's first motion for default judgment because it was unclear if Defendant, who had multiple business names, had been served with the summons and complaint. ECF No. 27.

On December 18, 2017, Plaintiff filed a third amended complaint against Defendant Energy Enterprises USA, Inc, doing business as National Renewable Energy Center and Canopy Energy California. ECF No. 30.

On April 13, 2018, the Clerk entered default against Defendant. ECF No. 35. On June 4, 2018, the case was reassigned to United States Magistrate Judge Virginia DeMarchi. ECF No. 36.

On July 24, 2018, Plaintiff filed a second motion for default judgment against Defendant. ECF No. 37. On October 2, 2018, Plaintiff filed an amended declaration and exhibits in support of her second motion for default judgment. ECF No. 41.

On November 20, 2018, Judge DeMarchi issued a report and recommendation to grant

2
Case No. 17-CV-00497-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

1 Plaintiff's second motion for default judgment, and the case was reassigned to the undersigned.

2 ECF No. 43. On December 6, 2018, Plaintiff served Judge DeMarchi's report and

3 recommendation on Defendant. ECF No. 46. Defendant did not object to the report and

4 recommendation.

5 On December 21, 2018, the Court adopted Judge DeMarchi's report and recommendation

6 and granted Plaintiff's second motion for default judgment in the amount of $8,557. ECF No. 47.

7 The Court entered judgment against Defendant that same day. ECF No. 48.

8 On January 28, 2019, the Clerk issued a writ of execution against Defendant. ECF No. 50.

9 On April 30, 2019, Defendant filed the instant motion to set aside the default judgment.

10 ECF No. 51. On May 14, 2019, Plaintiff filed her opposition, ECF No. 53 ("Opp."), and on May

11 21, 2019, Defendant filed its reply. ECF No. 56 ("Reply").

## II. LEGAL STANDARD

Rule 60(b) allows a court to set aside a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Ninth Circuit, "[o]ur starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

## III. DISCUSSION

Defendant's motion to set aside default judgment raises only one ground for relief under Rule 60(b). Specifically, Defendant contends that its former counsel's health problems qualify as "mistake, inadvertence or excusable neglect" or "any other reason justifying relief." Mot. at 2, 6. Defendant contends that it forwarded "the complaint and related documents" to its former counsel, Linda Lucero, "who did not file any responsive pleadings because of her health problems." *Id.* at

3

Case No. 17-CV-00497-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

5.

However, the record contradicts Defendant's representations. First, Lucero's own declaration establishes that Lucero did not have health problems until March 2018, 14 months after Plaintiff filed and served her January 31, 2017 complaint on Defendant. ECF No. 51-1 ("Lucero Decl."), ¶ 8. During the time between January 2017 and March 2018, Plaintiff filed and served her first, second, and third amended complaints and her first motion for default judgment. ECF Nos. 111, 17, 26, 30. Defendant offers no explanation for how Lucero's March 2018 illness constitutes excusable neglect for the 14 months prior to March 2018 during which Defendant failed to respond to three complaints and the first motion for default judgment.

Lucero's declaration provides no specific dates or details. However, Plaintiff alleges that on March 9, 2017, Lucero called Plaintiff to inform Plaintiff that Lucero's client was in the process of closing its doors and that Lucero was helping NREC wrap things up. Ellis Decl. ¶ 13.

Second, the entry of default judgment against Defendant post-dates Lucero's representation of Defendant. Specifically, Lucero declares that she ceased representing Defendant in November 2018. However, Plaintiff served on Defendant Judge DeMarchi's report and recommendation, which recommended granting Plaintiff's second motion for default judgment, on December 6, 2018—after Lucero's representation of Defendant ceased. Lucero Decl. ¶ 5; *see* ECF No. 46 (proof of service on Defendant). On December 21, 2018, the Court granted Plaintiff's motion for default judgment. ECF No. 47.

Thus, even after Lucero ceased representing Defendant in November 2018, Defendant failed to object to the report and recommendation. Defendant offers no explanation for that failure, which post-dates Lucero's representation of Defendant. In her declaration, Lucero herself asserts that Defendant was unaware of the entry of default against Defendant and Plaintiff's requests for default judgment until mid-December 2018. Lucero Decl. ¶ 8. The Court notes that mid-December is before December 21, 2018, when this Court entered default judgment against Defendant. Moreover, Lucero cannot speak to Defendant's knowledge, and no representative of Defendant has filed a declaration in this case. Furthermore, Lucero ceased representing Defendant

4
Case No. 17-CV-00497-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

in November 2018 and does not explain how she was aware of her former client's knowledge in mid-December 2018.

Defendant's failure to participate in this lawsuit for 14 months before Lucero had health problems in March 2018 or after Lucero ceased representing Defendant in November 2018 undermines Defendant's claim that Lucero's health problems are to blame for the entry of default judgment against Defendant. Certainly, as explained below, Defendant's allegations do not rise to the level of gross negligence, as required in the Ninth Circuit to set aside default judgment because of counsel's conduct.

The Ninth Circuit has held that only the "gross negligence" of counsel may justify setting aside a default judgment. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002). Thus, default judgment may be set aside "where the client has demonstrated gross negligence on the part of his counsel." *Id.* at 1169.

In *Tani*, for example, the defendant's attorney repeatedly failed to comply with court orders, including a "direct order" from the court to serve an answer on another party and a court order to contact a party for settlement talks. 282 F.3d at 1170. In the instant case, Lucero did not fail to comply with any court orders. Moreover, in *Tani*, the Ninth Circuit concluded that the record demonstrated that the defendant only had its "first inkling" of its attorney's deficient performance after default judgment was entered against the defendant. *Id.* at 1171.

By contrast, in the instant case, the record contradicts Defendant's representations about why Defendant failed to litigate the instant case for 14 months before Lucero had health problems in March 2018. Furthermore, Lucero ceased representing Defendant before Defendant received Judge DeMarchi's report and recommendation that recommended entry of default judgment against Defendant and before Defendant failed to object to the report and recommendation. Moreover, Defendant did not file the instant motion until April 30, 2019—more than four months after Defendant allegedly learned in mid-December 2018 that default had been entered against Defendant and that Plaintiff had requested default judgment against Defendant. The Court notes that mid-December is before December 21, 2018, when this Court entered default judgment

5

against Defendant.

Defendant cites no case law that would support set aside of default judgment under these circumstances. The Court notes that Plaintiff, who is pro se, cites more extensive case law than Defendant, who is represented by counsel. *See* Opp. at 9–10.

Defendant has not identified any basis under Rule 60(b) to set aside the default judgment against Defendant in the amount of $8,557. Accordingly, the Court DENIES Defendant's motion to set aside default judgment.

**IT IS SO ORDERED.**

Dated: August 30, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge